IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 4:24-CR-227 SEP-PLC |
| | ) |
| DAVID S. BECKER, | ) |
| | ) |
| Defendant. | ) |

**MOTION TO SUPPRESS EVIDENCE**

COMES NOW, defendant, David Becker, by and through counsel, Joseph M. Hogan, and pursuant to Fed. Rules Crim. Pro. 12(b)(3)(C) moves this Honorable Court to suppress all evidence seized in connection with the search of defendant's home on May 22, 2023, in violation of defendant's Fourth Amendment rights under the United States Constitution. In support of his Motion to Suppress Evidence, defendant states as follows:

**FACTUAL BASIS**

On or about October 10, 2022, a Skype account registered with the Screen/User name of "David.becker564" uploaded **one image** of

1

**suspected** child pornography from a device with an IP address of 68.184.9.53. This one image generated a "Cyber-Tip" wherein Microsoft Corporation notified the National Center for Missing and Exploited Children, who then notified law enforcement, that this image **likely** constituted child pornography. The image in question, is a picture of the torso of a female with her legs spread apart and her hands touching her vagina. The picture does not show a face. This picture is not a "Known Image" of child pornography as established by the National Center for Missing & Exploited Children's "Child Victim Identification Program." This image has not been previously identified as a child victim. The age and identity of the female in the picture is unknown.

Saint Louis County Police Detective, Amy Erwin, subsequently viewed the uploaded image and made a **subjective** determination that the image depicted child sexual abuse material. Detective Erwin's investigation then consisted of verifying the Charter Communications IP address and Skype address "david.becker564" was registered to David Becker and verifying his home address through his electric bill. That is where the investigation ended.

On May 22, 2023, seven months after the single image was uploaded on October 10, 2022, and with knowledge the IP address was no longer valid, and had not been valid since February 15, 2023, Detective

2

Irwin drafted a search warrant application and affidavit for David Becker's residence. In the Affidavit for the search warrant, Detective Erwin states to the Judge that "one file of **suspected** child pornography" was discovered by Microsoft personnel who "determined it **likely** constituted child pornography." Detective Erwin states that she viewed said image and then opines that it depicted child sexual abuse material. Detective Erwin then verified Mr. Becker's physical address, and that he no longer had the IP address. No other investigation was listed in the affidavit.

Further, Detective Erwin in her affidavit under "DESCRIPTION", states: "[a]n image file depicting the torso and genitals of a fully-nude preadolescent female **child, possibly a toddler**" (emphasis added).

Detective Erwin presented this affidavit and request for a search warrant not to a magistrate as prescribed in Federal Rule 41(b)(1), though it was presented on a Monday morning at 11:19 a.m., [1] but instead to a Saint Louis County Associate Circuit Court Judge, Megan Julian. The Saint Louis County S.W.A.T. team and police detectives then executed

---

[1] Federal Rule 41(b)(1) provides: (b) Venue for a Warrant Application. At the request of a federal law enforcement officer or an attorney for the government
(1) a magistrate judge with authority in the district—or if none is reasonably available, a judge of a state court of record in the district—has authority to issue a warrant to search for and seize a person or property located within the district;

3

the search warrant.

As a result of said search, evidence was seized from the residence of David Becker, and he was later charged with one count of Receiving Child Pornography, 18 U.S.C. §2252 and one count of Attempted Enticement of a Minor, 18 U.S.C. §2422.

## **MEMORANDUM OF LAW IN SUPPORT**

The single image of suspected child pornography was insufficient to establish probable cause to support the issuance of a search warrant. Neither the age nor the identity of the female in the image has ever been established, nor can the age be appropriately characterized as a "child, possible toddler" from the image. This is not an identifiable image of a known victim of child pornography. The only evidence presented to the Court establishing the image was in fact child pornography, was the personal opinion of one police officer, who alone characterized the individual as a "child, possibly a toddler," despite the image suggesting otherwise. "An officer's suspicion or belief, by itself, is not sufficient to establish probable cause.' Aguilar v. Texas, 378 U.S. 108, 114-115 (1964). The Supreme Court expanded its opinion concerning establishing probable cause to justify a search warrant in Illinois v. Gates, 462 U.S. 213 (1983). In Gates, the Court applies the "totality of the circumstances"

test. Gates instructs "[t]he task of the issuing magistrate is to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." Gates, at 462 U.S. 230-241.  There was no substantial basis for concluding that probable cause existed in the affidavit presented to the Associate Circuit Court Judge. A seven- month investigation produced one image of an unknown female, that may or may not be child pornography, as from the image alone, it is impossible to state whether the image depicts a child at all.  It certainly does not depict a toddler.

Saint Louis County Police Detective, Amy Erwin did not exhaust less intrusive investigation tactics before applying for a search warrant. There was no investigation to determine if David Becker uploaded or downloaded possible images of child pornography on any date other than October 10, 2022.  There was no investigation to determine if Mr. Becker used known internet search terms indicating a desire to locate child pornography on the internet.  No pattern of internet activity was ever established. No surveillance of Mr. Becker was conducted nor was he ever approached for a "knock and talk." A "knock and talk" is an

established investigative tactic successfully used by the Saint Louis County Police Department to interview suspects without a warrant that is frequently used to establish whether or not there is probable cause to believe a suspect is engaged in illegal activity regarding children. Instead, the police detective applied for a search warrant based upon a single unidentified image that may or may not have been child pornography. The image in question was never provided to a medical doctor or any other expert for an objective opinion as to the age of the person depicted in the image.

Additionally, in the present case, as set forth in the Cyber Tipline Report 140974712, an electronic service provider, Microsoft Online Operations/Microsoft Skype Photosharing, reported on 10/10/2022 to the National Center on Missing and Exploited Children, **possible** child pornography. After receiving the report, the National Center for Missing and Exploited Children (NCMEC), did not view the file, nor characterize the file in any way; rather noted in its report "Files not reviewed by NCMEC, Hash Match." It further provides "NCMEC staff have not viewed the following uploaded files and have no information concerning the content of the uploaded files other than information voluntarily provided in the report by the reporting ESP or noted in Section B of the report." It specifically states "Files NOT viewed by NCMEC and lists the

6

file in question bace7202-f32a-4e2b-a217-9dbb97e21e2e.jpg." and listed priority level as E.

In the present case, under the totality of the circumstances test, the information provided in the Search Warrant Application was stale. "A warrant becomes stale if the information supporting is not sufficiently close in time to the issuance of the warrant and the subsequent search conducted so that probable cause can be said to exist at the time of the search." United States v. Brewer, 588 F.3d 1165, 1173 (8th Cir 2008). Here, the single image in question was uploaded on October 10, 2022. After the single image was uploaded, the credible evidence suggests that there was not probable cause to believe the defendant was engaged in illegal activity in that: no further reports were received or images discovered; the IP address in question had not been valid since February, 2023; no other investigation was conducted, other than to confirm that the defendant lived at a particular address, and had lived at the same address in October, 2022.

Rather, one detective characterized one image in a conclusory way that is not supported by the image itself. "Conclusory statements made by affiants fail to give the issuing magistrate a substantial basis for determining that probable cause exists." United States v. Caswell, 436 F.3d 894 (8th Cir. 2006). It is the magistrate, and not the affiant, that is

7

responsible for making this determination. Illinois v. Gates, 462 U.S. 213, 239, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983). "Sufficient information must be presented to the magistrate to allow that official to determine probable cause; his action cannot be a mere ratification of the bare conclusions of others." Id. The question here, then is whether where one detective's characterization of one image, a characterization the image itself does not support, with no other supporting evidence other than an address, lends itself to a determination of probable cause. The answer according to our jurisprudence must be no.

The undersigned recognizes that often in child pornography cases the argument that facts have become "stale" are weighed against an individual's likelihood to retain images as trophies. (See for eg. United States v. Estey, 595 F3d 836 (8th Cir 2010); United States v. Horn, 187 F.3d 781 (8th Cir. 1999); United States v. Lacy, 119 F.3d 742 (9th Cir. 1992).) Here, however, prior to any contact from any law enforcement, an individual with no criminal history whatsoever, no longer had the IP address associated with the **one** image, and so the line of cases suggesting probable cause can exist months or even a year later as individuals usually retain this type of evidence, as all the cases discuss situations where there are a lot more images and/or videos in question – is not present, and certainly was not apparent for the issuing judge.

Here, when the one image is taken out of the equation, there is

8

simply no other evidence whatsoever the judge had to consider, or this court has to consider when looking at the totality of the circumstances. One image was flagged, no other individual or expert was consulted, no other individual or expert suggested what the age of the individual in the image is and what that belief is based on, and the IP address the one image was associated with was no longer active and had not been active when the search warrant was applied for. It is clear the defendant's Fourth Amendment rights were violated when the search warrant was signed, and further when it was executed as there was not probable cause for it to be issued. And as a result, it is appropriate under these facts to exclude all evidence obtained from the search warrant.

The "exclusionary rule" requires courts to suppress evidence obtained through an unlawful search or seizure. Mapp v. Ohio, 367 U.S. 643 (1961). Any evidence derived from illegally obtained evidence must also be suppressed. This evidence is known as "fruit of the poisonous tree.' Silverthorne Lumber Co v. United States, 251 U.S. 385 (1920); Nardone v. United States, 308 U.S. 338, 341 (1939). "A violation of the Fourth Amendment usually triggers exclusion of evidence obtained by way of the violation from a subsequent criminal prosecution." United States v. Barraza-Maldonado, 732 F.3d 865, 867 (8th Cir. 2013). "The exclusionary rule prohibits introduction into evidence of tangible materials seized during an unlawful search.: Murray v. United States,

9

487 U.S. 533, 536-37 (1988). In <u>Wong Sun v. United States</u>, 371 U.S. 471, 484 (1963) the United States Supreme Court articulated that derivative evidence, such as physical evidence, a confession, or the testimony of a witness, must be suppressed as "fruit of the poisonous tree" if it was discovered by exploiting an illegal search.

WHEREFORE for the foregoing reasons, the defendant requests that the Court enter an order suppressing evidence obtained as a result of the unlawful search of the defendant residence in violation of his Fourth Amendment rights under the United States Constitution.

/S/ Joseph M. Hogan
Joseph M. Hogan 47008MO
Attorney for Defendant
7710 Carondelet Ave, Suite 404
Clayton, MO 63105
(314) 863-9898
jmhogan4090@sbcglobal.net

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing was delivered electronically to:

> United States Attorney's Office
> 111 South 10th Street, 20th Floor
> St. Louis, Missouri 63102

1

This 6th day of September 2024

____*/s/ Joseph M. Hogan*____