FILED

JUL 2 3 2025

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. S1-4:24 CR 227 SEP |
| | ) |
| DAVID S. BECKER, | ) |
| | ) |
| Defendant. | ) |

## SUPERSEDING INDICTMENT

### COUNT I

The Grand Jury charges that:

At all times pertinent to the charges in this indictment:

1. Federal law defines the term

   (a) "minor" to mean any person under the age of eighteen years (18 U.S.C. § 2256(1));

   (b) " sexually explicit conduct" to mean actual or simulated--

   (i) sexual intercourse, including genital-genital, anal-genital, oral-genital, oral-anal, whether between persons of the same or opposite sex,

   (ii) bestiality,

   (iii) masturbation,

   (iv) sadistic or masochistic abuse, or

   (v) lascivious exhibition of the genitals, anus or pubic area of any person (18 U.S.C §2256(2)(A)); and

(c) "computer" to mean an electronic, magnetic, optical, electrochemical or other high speed data processing device performing logical, arithmetic or storage functions, including any data storage facility or communications facility directly related to or operating in conjunction with such device. (18 U.S.C.§2256(6));

(d) "child pornography" to mean any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where-

(A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; or

(C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct. (18 U.S.C.§2256(8)).

2. On or between about August 1, 2021, and May 22, 2023, within the Eastern District of Missouri and elsewhere,

**DAVID S. BECKER**

the defendant herein, did knowingly possess digital devices that contained image and/or video files of child pornography that had been mailed, shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, to wit the defendant knowingly possessed on digital devices manufactured outside of the United States image and/or video files of child pornography received via the internet, to include but not limited to images and videos of prepubescent children and minors engaged in sexually explicit conduct to include, but not limited to the lascivious display of their genitals,

in violation of 18 U.S.C. § 2252A(a)(5).

## COUNT II

The Grand Jury further charges that:

2. On or between about August 1, 2019, and May 22, 2023, within the Eastern District of Missouri and elsewhere,

### DAVID S. BECKER,

the Defendant herein, did use any facility and means of interstate commerce, and did knowingly attempt to persuade, induce, entice and coerce an individual the Defendant believed to be a minor, under the age of eighteen, to engage in sexual activity for which any person could be charged with a criminal offense, to wit: the Defendant communicated via the internet with an unidentified individual regarding an individual named "Lea" who the Defendant believed to be under the age of eighteen years, and attempted to persuade, induce, entice and/or coerce that "Lea" to engage in sexual activity for which any person could be charged with a criminal offense, in include violations of Missouri Revised Statutes Sections 573.023 (attempted sexual exploitation of a minor), 573.200 (attempted child used in a sexual performance), 573.205 (attempted promoting sexual performance by a child), 566.032 (attempted statutory rape 1st degree), 566.032 (attempted statutory rape 1st degree), 566.071 (attempted child molestation 4th degree), 566.151 (attempted enticement of a child), 566.083 (attempted sexual misconduct involving a child), 566.083 (attempted sexual misconduct involving a child), 566.095 (attempted sexual misconduct 2nd degree), 568.045 (attempted endangering the welfare of a child 1st degree), 568.050 attempted endangering the welfare of a child 2nd degree), 568.060 (abuse of a child). as well as Title 18 U.S.C. Section 2251(a) (attempted production of child pornography), Title 18 U.S.C. Section 2423 (attempted travel with the intent to engage in illicit sexual conduct and engaging in illicit

sexual conduct in foreign places), Title 18 U.S.C. Section 2241 (aggravated sexual abuse); Title 18 U.S.C. Section 2242 (sexual abuse) and Title 18 U.S.C. section 2252A(a) (receiving/distributing/soliciting/possession/accessing with the intent to view child pornography), and/ or Title 18 U.S.C. section 2252A(a) (attempted transfer of obscene material to a minor).

in violation of Title 18, United States Code, Section 2422(b).

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 18, United States Code, Section 2253, upon conviction of an offense in violation of Title 18, United States Code, Section 2252A(a)(2) as set forth in Count I of the Indictment, the defendant shall forfeit to the United States of America: any visual depiction as described in Sections 2251, 2251A, 2252, 2252A or 2260 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110 of Title 18; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property. This includes, but is not limited to the following property:

- Apple Macbook
- Apple iPhone with a black case
- Red notebook
- Apple iPad with light grey case
- Green notebook
- Black ASUS tablet
- White Apple iPhone with a black clip case
- External hard drive
- White Apple iPhone

- Black Apple iPhone with black case
- Becker's Passport
- Two flash drives
- Silver digital camera
- Black Apple iPad Mini with gray case
- Black Apple iPad in leather case
- Two silver Dell laptop computers
- Black Dell laptop

2. If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

_____
FOREPERSON

MATTHEW T. DRAKE
Acting United States Attorney

_____
JILLIAN S. ANDERSON, #53918(MO)
Assistant United States Attorney
jillian.anderson@usdoj.gov